UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, ADDITIONAL SECURITY BENEFIT FUND, VACATION & HOLIDAY FUND, TRADE EDUCATION FUND, 401(K) SAVINGS PLAN, TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, and the TRUSTEES OF THE INTERNATIONAL TRAINING FUND,<br><br>Plaintiffs,<br><br>-against-<br><br>SCHUMACHER & FARLEY PLUMBING & HEATING CORP.,<br><br>Defendant. | 17 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

**NATURE OF THE ACTION**

1. This is a civil action pursuant to, *inter alia*, sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3) and 1145, and section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, by the trustees of a group of multiemployer employee benefit plans to enforce an employer's contractual and statutory obligations to make specified monetary contributions to the plans, and for related relief.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185 and 1132(e)(2).

## THE PARTIES

4. Plaintiffs Trustees of the Plumbers Local Union No. 1 Welfare Fund, Additional Security Benefit Fund, Vacation & Holiday Fund, Trade Education Fund, and 401(k) Savings Plan (collectively, the "Local 1 Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated pursuant to various collective bargaining agreements in accordance with section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Local 1 Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Local 1 Funds maintain their principal place of business at 50-02 Fifth Street, Long Island City, New York 11101.

5. Plaintiff Plumbers Local Union No. 1 Welfare Fund is the designated Collection Agent for Local Union No. 1 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada (the "Union") and the Plumbing Industry Promotion Fund of New York City. The Union is, and at all relevant times was, a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. The Union represents, and all relevant times represented, employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. §§ 142.

6. Plaintiff Trustees of the Plumbers & Pipefitters National Pension Fund (the "NPF") are employer and employee trustees of a multiemployer employee pension benefit plan as those terms are defined in sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and (37). The NPF is established and maintained by a trust agreement between various employers within the plumbing industry and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada. The NPF is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

7. Plaintiff Trustees of the International Training Fund (the "ITF," and together with the Local 1 Funds and the NPF, "Funds") are employee and employer trustees of a multiemployer employee welfare benefit plan as those terms are defined in sections 3(2) and 3(37) of ERISA, 29 U.S.C. §§ 1002(2) and (37). The ITF is established and maintained by a trust agreement between various employers within the plumbing industry and the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada. The ITF is administered at 103 Oronoco Street, Alexandria, Virginia 22314.

8. Defendant Schumacher & Farley Plumbing & Heating Corp. ("Schumacher & Farley") was and is a for-profit company organized and established under the laws of the State of New York duly authorized to conduct business in the City and State of New York as an employer within the meaning of sections 3(5) and 515 of ERISA, 29 U.S.C. §§ 602(5) and 1145, and was and is an employer in an industry affecting commerce within the meaning of section 301 of the Taft-Hartley Act, 29 U.S.C. § 185. Upon information and belief, Schumacher & Farley maintains an office at 36-52 37th Street, Long Island City, New York 11101.

## BACKGROUND

9. At all relevant times, Schumacher & Farley was a party to, and/or manifested its intention to be bound by, a collective bargaining agreement with the Union (the "CBA").

10. At all relevant times, the CBA required Schumacher & Farley to make specified hourly contributions to the Funds, and to remit Union dues and other specified amounts withheld from its employees' pay to the Plumbers Local Union No. 1 Welfare Fund (the "Welfare Fund"), as collection agent for the Union and other specified entities, the NPF, and the ITF, in connection with all plumbing work and other specified work performed on behalf of Schumacher & Farley within the five boroughs of the City of New York ("Covered Work").

11. The Funds are governed by trust agreements ("Trust Agreements") and have adopted, pursuant thereto, policies, rules, and regulations concerning the collection of contributions and other damages owed under the CBA ("Collection Policies"). The Trust Agreements and Collection Policies are incorporated by reference in the CBA.

12. Under the documents and instruments governing Local 1 Funds, including their Trust Agreements and the Collection Policies promulgated in accordance therewith, employers whose contributions are delinquent are liable for the amount of the delinquent contributions, interest at the rate of 10% per annum, liquidated damages of 20% of the principal amount due, attorneys' fees, audit fees, and other collection costs.

13. Under the documents and instruments governing NPF and ITF, including their Trust Agreements and the Collection Policies promulgated in accordance therewith, employers whose contributions are delinquent are liable for the amount of the delinquent contributions, interest at the rate of 12% per annum, liquidated damages of 20% of the principal amount due, attorneys' fees, audit fees, and other collection costs.

14. The CBAs, Trust Agreements, and Collection Policies governing the Funds permit the Funds to estimate the contributions owed by an employer that fails to remit contributions and fails to report the hours of Covered Work performed by the employer each month.

15. Schumacher & Farley has failed to report hours of Covered Work performed by its employees and has failed to remit contributions to the Funds for July 2016 through the present in an amount to be determined at trial but estimated to be no less than $50,000, exclusive of interest, liquidated damages, attorneys' fees, and costs.

## **FIRST CLAIM FOR RELIEF**

16. Plaintiffs repeat the allegations set forth in paragraphs 1 through 15 above and incorporate them herein by reference.

17. Section 515 of ERISA provides: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

18. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides that, upon a finding that an employer violated section 515 of ERISA, 29 U.S.C. § 1145, the plan is entitled to judgment for the amount of delinquent contributions plus interest and liquidated damages at rates prescribed by the documents and instruments governing the plan, and the reasonable attorneys' fees and costs incurred by the plan in prosecuting the action.

19. Under the documents and instruments governing the Funds, including the Trust Agreements and the Collection Policies promulgated in accordance therewith, employers that fail to report Covered Work to the Funds and fail to pay contributions are delinquent are liable for the amount of the delinquent contributions, interest at the rate of 10% per annum to the Local 1 Funds and 12% per annum to the NPF and ITF, liquidated damages of 20% of the principal amount due, attorneys' fees, audit fees, and other collection costs.

20. Due to Schumacher & Farley's failure to pay contributions and report the contributions owed to the Funds for July 2016 through the present, Plaintiffs have been damaged in an amount to be determined at trial but estimated to be no less than $50,000, plus interest, liquidated damages, attorneys' fees, and costs.

**WHEREFORE,** Plaintiffs respectfully request that this Court:

(1) Award judgment in favor of the Plaintiffs and against Schumacher & Farley for unpaid contributions for July 2016 through the present in an amount to be determined at trial but no less than $50,000, plus interest thereon and liquidated damages;

(2) Award Plaintiffs their reasonable attorneys' fees, costs, and expenses incurred by Plaintiffs in bringing and prosecuting this action; and

(3) Award Plaintiffs such further legal, equitable, or other relief as the Court deems just and proper.

Dated: New York, New York
        February 2, 2017

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:    /s/Martin C. Fojas
Martin C. Fojas, Esq.
40 Broad, 7th Floor
New York, New York 10004
(212) 943-9080

*Attorneys for Plaintiffs*